IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| ALFRED RICKY KEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 99-JEO-3102-J ) |
| WALKER COUNTY, ALABAMA, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on the Defendant Walker County, Alabama's Motion to Dismiss (doc. 5), Defendant Robert Cole's Motion to Dismiss (doc. 7), and Defendant Robert Cole's Motion to Dismiss the Amended Complaint (doc. 17). The parties have submitted briefs concerning these motions. The motions were set for argument on October 4, 2000.

### I. BACKGROUND

The plaintiff, Alfred Ricky Key (hereinafter "plaintiff" or "Key"), filed this suit alleging a violation of his civil rights under 42 U.S.C. § 1983 against the defendants, Walker County, Alabama (hereinafter "Walker County" or "defendant Walker County"), and Deputy Sheriff Robert Cole "as a deputy of the Walker County Sheriff's Department" (hereinafter "Cole" or "defendant Cole").

The plaintiff alleges that someone from the Walker County Sheriff's Department informed his mother that there was an outstanding warrant for his arrest on November 24, 1997. (Doc. 1, ¶ 12). The plaintiff's mother was informed that the warrant had a "72-hour hold." (Doc. 1, ¶ 12). She then informed the plaintiff of the warrant and the plaintiff turned himself in to the

sheriff's department at 12:30 a.m. on November 24, 1997. (Doc. 1, ¶ 12).

The plaintiff further alleges that he was put in a cell after he was processed at the sheriff's department. (Doc. 1, ¶ 13). While sleeping in the cell, the plaintiff asserts that he was attacked by inmates in the jail. (Doc. 1, ¶ 13). The plaintiff asserts that the attack was orchestrated by Cole in retaliation for a suit that had been filed against Cole by Key's wife. (Doc. 1, ¶ 15). He claims "Cole intentionally created the circumstances under which the [p]laintiff surrendered to authorities at the Walker County jail [sic]. He further coordinated the attack on the [p]laintiff carried out by the inmates. Cole either left his post at the monitors or ignored the attack on the plaintiff as it occurred." (Doc. 1, ¶ 15).

On December 29, 1999, the defendants, Walker County and Cole, filed motions to dismiss the claims. (Docs. 5 & 7). Walker County moved to dismiss because it cannot be held liable under the doctrine of *respondeat superior* in an action based upon 42 U.S.C. § 1983. Furthermore, Walker County asserts that (1) it is not liable for the actions of the Sheriff's Department; (2) the plaintiff has failed to comply with the notice requirements of Alabama Code §§ 6-5-20 and 11-12-8; and (3) Walker County is immune from punitive damages under 42 U.S.C. § 1983 and under state law.

Defendant Cole moved to dismiss because the plaintiff's alleged violation of the Fourth Amendment does not apply because the plaintiff was already in custody. (Doc. 7, ¶ 1). Furthermore, Cole asserts (1) the Fifth Amendment only applies to federal government actors and not to state government actors; (2) the section 1983 action can not be brought against him in his capacity as a deputy sheriff because that is in essence bringing the suit against the state, which is prohibited under the Eleventh Amendment; (3) in his capacity as a deputy sheriff, he "is

2

not a 'person' for purposes of 42 U.S.C. § 1983 liability; (4) claims brought in his official capacity are subject to sovereign immunity; (5) the section 1983 claims are not pleaded with sufficient specificity; and (6) he is entitled to qualified immunity. (Doc. 7, ¶¶ 1-6).

On January 31, 2000, the plaintiff amended his complaint to clarify that the suit was brought against Cole in his individual capacity not his official capacity as a deputy sheriff. The plaintiff concedes in his response motion and briefs (docs. 13, 16, and 21) that a portion of the defendants' motions to dismiss is due to be granted and is unopposed. At the hearing, counsel also acknowledged that there was no evidence to support a claim that Cole's actions were intentional, as is required by § 1983.

## II. DISCUSSION

As is discussed below, Walker County's motion to dismiss is due to be granted. Because the plaintiff has filed the amended complaint, Defendant Cole's first Motion to Dismiss (doc. 7) is moot. Pursuant to Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, and there being no objection by the parties, Cole's remaining motion to dismiss (doc. 17) will be treated as a motion for summary judgment and is due to be granted.

### A. Defendant Walker County's Motion to Dismiss

In plaintiff's response to defendant Walker County's motion to dismiss, the plaintiff "concedes that the Motion to Dismiss is proper with regard to Walker County, Alabama only." (Doc. 13, ¶ 1). Therefore, Walker County's motion is due to be granted.

### B. Defendant Cole's Motion to Dismiss

The plaintiff initially conceded that a portion of defendant Cole's motion to dismiss is due to be granted. (Doc. 16, § II). Accordingly, the court has determined the following:

1. **ALLEGED FOURTH AMENDMENT VIOLATIONS**

Since the plaintiff concedes the arguments made by Cole in this section of the defendant's brief, the claims related to any Fourth Amendment violations are due to be dismissed and summary judgment granted for the defendant.

2. **ALLEGED FIFTH AMENDMENT VIOLATIONS**

Since the plaintiff concedes the arguments made by the defendant in this section of the defendant's brief, the claims related to any Fifth Amendment violations also are due to be dismissed.

3. **CLAIMS FOR DAMAGES UNDER 42 U.S.C. § 1983 AGAINST COLE IN HIS OFFICIAL CAPACITY**

Since the plaintiff concedes the arguments made by Cole in this section of the defendant's brief, the claims brought against Cole in his official capacity are due to be dismissed.

4. **STATE LAW CLAIMS**

Since the plaintiff concedes the arguments made by the defendant in this section of the defendant's brief, all state law claims are due to be dismissed.

5. **CLAIMS FOR DAMAGES UNDER 42 U.S.C. § 1983 AGAINST COLE AS AN INDIVIDUAL**

The only matter before the court at the time of the hearing was defendant Cole's motion to dismiss the claims in the amended complaint for damages under 42 U.S.C. § 1983 against Cole as an individual. (Doc. 17, incorporating the arguments from the first motion to dismiss [doc. 7] and the Memorandum Brief filed in support of said motion [doc. 8]).

As already noted, at the hearing, counsel for the plaintiff informed the court that the

remaining claims are purportedly based upon an intentional act by defendant Cole. Counsel for the plaintiff informed the court that, based on the evidence obtained during discovery, there are no facts to support the allegation that Cole participated in an intentional act resulting in the plaintiff's injuries. Upon the Court's review of the pleadings filed in this case, the Court agrees with counsel that there is no evidence to indicate an intentional act by Cole. The plaintiff, by his counsel, acknowledges that defendant Cole's motion is due to be granted and the case dismissed with prejudice.

### III. CONCLUSION

For the forgoing reasons, defendant Walker County's motion to dismiss (doc. 5) is due to be granted; defendant Cole's original motion to dismiss (doc.7) is moot; and defendant Cole's motion to dismiss the amended complaint (doc. 17) is due to be treated as a motion for summary judgment and due to be granted. An appropriate order will be entered and filed contemporaneously herewith.

**DONE**, this the _____ day of October, 2000.

**JOHN E. OTT**
United States Magistrate Judge

5